**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 17 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DAVID BOHNETT,

      Plaintiff-Appellant,

v.

NORMAN MINETA, Secretary of
Transportation,

      Defendant-Appellee.

No. 02-6057
(D.C. No. 01-CV-465-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **EBEL**, **HENRY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

  *     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

David Bohnett appeals from the district court's order granting summary judgment to defendant, his employer, on claims of retaliation. [1] We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291, and we review the district court's summary judgment ruling de novo. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

A prima facie case of retaliation requires a showing that "(1) [plaintiff] engaged in protected opposition to discrimination; (2) he or she was subject to adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000). Plaintiff alleged that various actions by defendant in 1998 constituted adverse employment action, and that they were motivated by a union grievance he filed prior to 1998 in connection with the denial of a training opportunity. The district court ruled that only three actions constituted adverse employment action; plaintiff does not challenge that ruling on appeal.

The three adverse actions all resulted from a single incident involving the computer system in plaintiff's division at the Federal Aviation Administration. Before leaving for vacation, plaintiff made changes to the computer system,

---

[1]     Plaintiff's complaint also alleged claims for gender and age discrimination, but he expressly abandoned those claims before the district court.

allegedly in an attempt to give another employee access to division files for backup purposes. As a result of plaintiff's actions, none of the division's employees could save information to their files, and they had access to other employees' confidential files. When the problem was discovered the next day, it took several hours to remedy the situation, resulting in a loss of productivity. Upon his return to work, plaintiff was put on administrative leave pending investigation. After the investigation, plaintiff was suspended for ten days, and reprimanded. The district court ruled that these three actions were adverse employment actions, and assumed that plaintiff had made out a prima facie case. However, the court also concluded that defendant had proffered legitimate nondiscriminatory reasons for taking these measures, and that plaintiff had not demonstrated that these reasons were a pretext for retaliation.

On appeal, plaintiff raises only two arguments. First, he contends that defendant did not raise the issue of pretext with "sufficient particularity to require a detailed response" as to his suspension and reprimand, Aplt. Br. at 8, and asserts that the district court *sua sponte* decided the pretext issue without giving plaintiff notice. This argument is not persuasive. Under the familiar burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), after a plaintiff establishes a prima facie case, the defendant has the burden to come forward with legitimate nondiscriminatory reasons for the challenged employment

action.  *See Rakity v. Dillon Cos.,*  302 F.3d 1152, 1164 (10th Cir. 2002).  In this case, defendant  expressly argued that its reasons for taking disciplinary action were legitimate and nondiscriminatory, discussed those reasons in some detail, and attached affidavits from    plaintiff 's supervisor and manager with further explanation.  And, as the district court noted, the attachments to plaintiff's own response brief identified the reasons for plaintiff's suspension and reprimand.  Once an employer identifies a legitimate reason for its actions, the burden shifts to the employee to demonstrate pretext.    Under these circumstances, we cannot conclude that  plaintiff  did not have adequate notice to respond with particularity regarding pretext as to the suspension and reprimand.

Plaintiff also argues that he has shown pretext by alleging that other employees had caused computer malfunction without being investigated, that he was the only employee in his unit who has been suspended and reprimanded, and that the disciplinary measures were not warranted.  Because      plaintiff  has not demonstrated that he was similarly situated to the other employees he named or other employees in his unit who were not disciplined, those allegations do not demonstrate pretext.   *See Kendrick* , 220 F.3d at 1232  .  And his opinion that the suspension and reprimand were not warranted does not causally connect these actions to his previous union grievance.     *See Kelley v. Goodyear Tire & Rubber*

*Co.*, 220 F.3d 1174, 1178 (10th Cir. 2000) (stating it is a manager's perception of an employee's conduct that is relevant, not the employee's subjective evaluation).

We conclude that the district court correctly granted summary judgment in this case. The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


David M. Ebel
Circuit Judge